UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN DISLA,

                           Plaintiff,

         -against-                                    **ORDER**
                                                      22 CV 1640 (LDH) (CLP)

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                           Defendant.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On March 24, 2022, plaintiff Jonathan Brown ("plaintiff") commenced this action against the Commissioner of the Social Security Administration ("Commissioner"), alleging that he was wrongfully denied Disability Insurance Benefits. (ECF No. 1). On December 1, 2022, the Honorable LaShann DeArcy Hall So Ordered the parties' stipulation, reversing and remanding the Commissioner's decision for further administrative proceedings. (ECF No. 16).

        Currently pending before this Court is plaintiff's Motion for an award of counsel's fees, pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 25). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

        Plaintiff Disla, proceeding *pro se,* applied for Disability Insurance Benefits on February 22, 2018, claiming to have been disabled since September 9, 2013. (Pl.'s Mem.[1] at 1). Following the denial of his application for benefits on May 16, 2018, plaintiff and his mother consulted with counsel, and on June 9, 2018, plaintiff executed a Retainer Agreement. (Id. at 1–

---

[1] Citations to "Pl.'s Mem." refer to the plaintiff's Memorandum in Support of Motion For An Award of Counsel Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 25, Ex. 1).

1

2; see ECF No. 25, Ex. 5). The provision of the Agreement pertaining to Federal Civil Court Actions provides that "at the favorable conclusion of my case, if and when benefits are awarded, my attorney will apply for a fee of up to 25% of all past due benefits to me and my auxiliaries. . ." subject to court approval. (ECF No. 25, Ex. 5 at 5).

After being retained, counsel filed a formal hearing request with the Social Security Administration ("SSA") and proceeded to represent plaintiff in a series of hearings before an Administrative Law Judge ("ALJ"). (Pl.'s Mem. at 2). By Denial Decision dated June 4, 2019, the ALJ, Gloria Pellegrino, denied plaintiff's claims. (Id.) Counsel then filed an appeal on plaintiff's behalf to the Appeals Council, which remanded the case back to the ALJ for a new hearing. (Id.) Following the hearing, the ALJ issued a second decision denying the claim, and plaintiff again requested Appeals Council review. (Id.) On March 24, 2022, after the Appeals Council affirmed the ALJ's decision, plaintiff commenced this federal action, pursuant to 42 U.S.C. §§ 405(g)[2] and 1383(c)(3), appealing the Commissioner's decision to deny plaintiff's claim for disability insurance benefits. (Id.; see ECF No. 1).

After review of the voluminous administrative file, counsel prepared a motion and Memorandum of Law, arguing that the final administrative decision should be reversed and remanded. (Pl.'s Mem. at 2). Based upon the government's review of counsel's Memorandum, the parties agreed to a voluntary remand which the court So-Ordered on March 13, 2023. (ECF No. 15, 16, 17). On March 14, 2023, counsel for plaintiff moved for reasonable attorney's fees under EAJA, and the Commissioner settled the fee issue for $4,616.40. (ECF No. 19, Ex. 1; see also ECF No. 20).

---

[2] Section 405(g) is made applicable to final determinations regarding SSI benefits by 42 U.S.C. § 1383(c)(3).

Following remand, a new ALJ held a hearing and issued a favorable decision on May 24, 2024, finding plaintiff had been under a disability since September 9, 2013. (Pl.'s Mem. at 3). The Social Security Administration issued a Notice of Award dated August 13, 2025, which was received on August 15, 2025. (Id.) The instant motion for counsel fees was then filed on August 27, 2025. (ECF No. 25).

The Notice of Award letter of August 13, 2025 advised that the Social Security Administration had withheld $27,377.00[3] from plaintiff's past due benefits to pay a possible attorney fee request. (Gov't Ltr.[4] at 1). From this amount, the ALJ approved a fee of $9,200 for work performed at the administrative level, which amount was withheld by the Social Security Administration, leaving a total of $18,177.00 withheld for possible court-approved fees. (Id.; see also Pl.'s Mem. at 4).

On May 27, 2025, plaintiff filed the instant motion seeking $18,177.00 in attorney's fees under Section 406(b). (ECF No. 25-1). In the application, counsel notes that under the Agreement, plaintiff is entitled to a credit in the amount of $4,616.40, representing the amount already received by counsel pursuant to EAJA. (Pl.'s Mem. at 4). On August 28, 2025, the Honorable LaShann DeArcy Hall referred the motion to the undersigned. (Docket Order, dated August 28, 2025).

## DISCUSSION

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title . . . the court may determine and allow as part of

---

[3] This amount represents one-quarter of plaintiff's total recovery.
[4] In its letter filed September 2, 2025 ("Gov't Ltr.") (ECF No. 26), the government notes that the Commissioner has no direct financial stake in the outcome of counsel's motion and acts more like a "trustee for the claimants." (Id. at 1 (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002))). Thus, the Commissioner takes no position on the request for fees under Section 406(b). (Id.)

its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).

A. Timeliness of Application

Before considering the substance of plaintiff's motion, the Court must determine whether the motion is timely. Here, plaintiff's Notice of Award letter was issued on August 13, 2025, and received on August 15, 2025. (Pl.'s Mem. at 3). The instant motion was filed on August 27, 2025, 12 days after receipt of the Notice of Award letter. (Gov't Ltr. at 1). The Second Circuit applies Rule 54(d)(2)(B)'s 14-day time limit to the filing of attorney's fees requests under Section 406(b), Sinkler v. Berryhill, 932 F.3d 83, 87–88 (2d Cir. 2019), but recognizes that "district courts are empowered to enlarge that filing period where circumstances warrant." Id. at 89 (citing cases) (noting also that Rule 54(d)(2)(B) "expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise'").

Here, the motion was filed within the 14-day time limit set by Rule 54. Accordingly, the Court deems the motion timely.

B. Reasonableness of Fee Request

The Court must now determine whether the requested fees are reasonable. See Gisbrecht v. Barnhart, 535 U.S. at 807–08; Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). If the requested fee is based on a contingency fee agreement, it should be enforced unless the agreement is unreasonable. Wells v. Sullivan, 907 F.2d at 372.

Although use of the lodestar method became popular in the context of "federal-court adjudication of disputes over the amount of fees properly shifted to the loser in [a] litigation," the Supreme Court in Gisbrecht v. Barnhart held that the reasonableness check of Section 406 was not intended to "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 802, 807.

4

This is because Section 406(b) authorizes "fees payable from the successful party's recovery." Id. at 802. Rather than a complete bar, Section 406(b) merely establishes a limit on contingency agreements, with the Supreme Court explaining that "[g]iven the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." Gisbrecht v. Barnhart, 535 U.S. at 805. See also Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022) (citing Wells v. Sullivan, 907 F.2d at 371) (explaining that "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations") (internal quotation marks omitted).

When conducting a reasonableness analysis, courts consider the following factors: (1) whether the contingency percentage falls within the 25% cap set by Section 406(b), see, e.g., Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that Section 406(b) "does not displace contingent-fee agreements" so long as the agreed-to fee comprises no more than 25% of a claimant's past-due benefits); (2) the character of counsel's representation and the achieved result (id. at 808); (3) whether counsel is responsible for undue delay (id.); (4) whether there has been fraud or overreaching in making the agreement; and (5) whether the requested amount is so large as to constitute a windfall to the attorney. See Fields v. Kijakazi, 24 F.4th at 853 (citing Gisbrecht v. Barnhart, 535 U.S. at 807 and Wells v. Sullivan, 907 F.2d at 372).

To provide further clarity on the windfall factor, the Second Circuit in Fields v. Kijakazi advised that this factor "does *not* constitute a way of reintroducing the lodestar method" and that courts must consider "more than the de facto hourly rate" to determine whether there is a windfall that renders a Section 406(b) fee unreasonable in the context of a particular case. Id. at 854 (emphasis in original). The Court in Fields v. Kijakazi instructed courts to consider (1) "the

5

ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level[,]" (3) the claimant's satisfaction, and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

In the instant case, the Social Security Administration withheld $27,377.00 from plaintiff's past due benefits payable to plaintiff to pay a possible attorney fee request. (Gov't Ltr. at 1). This represents 25% of plaintiff's past-due benefits of $109,508. (See Pl.'s Mem., Ex. C at 5) Thus, the requested contingency fee falls within the 25% cap set by Section 406(b). The ALJ approved counsel's fee for administrative level services in the amount of $9,200.00. (Pl.'s Mem. at 6).

Counsel represents that the Firm expended 21.5 attorney hours on plaintiff's case before the District Court. (Eisner Aff.[5] ¶ 5). Based on counsel's representations and the amount withheld by the Social Security Administration, counsel will receive a de facto hourly rate of $1,273.35 if the motion is granted.[6] Although higher than hourly rates commonly awarded in this district under a typical lodestar analysis, this rate falls "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit" when awarding fees under Section 406(b). Gentile v. Kijakazi, No. 21 CV 641, 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving a de facto hourly rate of $1,750 and collecting cases that approved hourly rates between $1,072.17 to $2,100.00).

Beyond the de facto hourly rate, the Court's analysis of the record supports a finding that the Agreement is reasonable, and that the requested fee does not constitute a windfall to

---

[5] Citations to "Eisner Aff." refer to the Affirmation of Services submitted by Brian Eisner, Esq., counsel to plaintiff, dated August 26, 2025. (ECF No. 25-4).
[6] Plaintiff's counsel states that his de facto hourly rate is $630.72. (Pl.'s Mem. at 6). However, the amount withheld divided by the hours worked results in an hourly rate of $1,273.35 per hour.

6

plaintiff's counsel. Counsel represents that he graduated from law school in 2015 and has been a practicing attorney since 2016. (Pl.'s Mem. at 6). He represents that he has practiced in the field of Social Security Disability law since 2017, handling over 4,000 claimants. (Id. at 7).

Moreover, it is evident that counsel achieved an excellent result for plaintiff, who was established as disabled and awarded $109,508 in past-due benefits because of counsel's representation.[7] There is no indication from the record that counsel was responsible for any undue delay in this matter, and the Agreement appears to be standard in this field, rather than the result of fraud or overreaching on counsel's part.

As for the measure of satisfaction of the claimant, there is no evidence that plaintiff was dissatisfied with the results achieved, since he is now entitled to thousands of dollars in past-due benefits. See Fields v. Kijakazi, 24 F.4th at 855 (noting that there was no indication in the record that the claimant had objected to the fee amount, despite having a direct financial stake in the fee determination). Furthermore, in considering the fee request, the court has considered the "risk of non-payment" that an attorney assumes in contingent fee arrangements, and the uncertainty of a favorable result for plaintiff. See Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see also Morrison v. Saul, No. 16 CV 4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019)).

In sum, the Court finds that the Retainer Agreement executed by plaintiff was both reasonable and in line with the congressional limitations placed on Section 406(b) awards. The requested fee is also reasonable, and it would not result in a windfall to counsel.

Finally, the Court notes that because counsel previously received an EAJA fee award of $4,616.40, which Judge DeArcy Hall awarded to plaintiff on April 4, 2023 (ECF No. 19),

---

[7] The Firm's representation included drafting a successful, persuasive motion to remand to agency (see ECF No. 15), after which the Social Security Administration stipulated to remand the case for further administrative proceedings instead of filing papers in opposition (see ECF No. 16).

counsel has represented that he will return those funds to the plaintiff if the Court orders the Commissioner to disburse a fee award in the amount of $18,177.00. (Pl.'s Mem. at 8).

## CONCLUSION

Accordingly, the Court grants plaintiff's motion and Orders that plaintiff's counsel be awarded $18,177.00 in attorney's fees pursuant to Section 406(b)(1)(A) of the Social Security Act.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      September 29, 2025                  /s/ Cheryl L. Pollak
                                                   Cheryl L. Pollak
                                                   United States Magistrate Judge
                                                   Eastern District of New York